J-S71011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| JAMES ANDERSON | : : | |
| Appellant | : | No. 1844 EDA 2017 |

Appeal from the PCRA Order May 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0533961-1991

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 16, 2018**

Appellant, James Anderson, appeals from the order dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, as untimely. We affirm.

Following a jury trial, Anderson was convicted of first-degree murder, criminal conspiracy, and possessing an instrument of crime. Anderson was 21 years old at the time he committed these crimes. On January 25, 1993, Anderson was sentenced to a mandatory term of life imprisonment without the possibility of parole. This Court affirmed his judgment of sentence and our Supreme Court denied allowance of appeal on November 17, 1995. Anderson filed his first PCRA petition in 1997. The PCRA court denied Anderson's petition, and this Court affirmed. Anderson's subsequent PCRA petition was denied as untimely.

_____
*   Retired Senior Judge assigned to the Superior Court.

Anderson filed this petition on March 24, 2016, challenging his sentence under the dictates of **Miller v. Alabama**, 567 U.S. 460 (2012), which found that mandatory life without parole sentences for juveniles violated the Eighth Amendment to the United States' Constitution. Specifically, Anderson argued that the rationale underlying the **Miller** decision should apply to individuals aged 18-25 at the time of their crimes, as their brains are not fully developed. The PCRA court issued a Rule 907 notice, and ultimately dismissed Anderson's petition as untimely. Anderson filed a timely notice of appeal to this Court.

Prior to reaching the merits of Anderson's claim, we must first consider the timeliness of his PCRA petition, as it implicates the jurisdiction of this Court and the PCRA court.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Anderson's judgment of sentence became final on February 15, 1996, when his 90-day period for seeking *certiorari* with the United States Supreme

Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. His third PCRA petition—filed over twenty years later on March 24, 2016—is patently untimely. Thus, the PCRA court lacked jurisdiction to review Anderson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

Anderson attempts to plead in his PCRA petition an exception to the PCRA time-bar under 42 Pa.C.S.A. § 9545(b)(1)(iii), a newly announced constitutional right. Anderson contends the United States Supreme Court's holding in **Miller** should be interpreted to provide relief for offenders aged 18-25 at the time of their crimes. As Anderson filed his petition within 60 days of the announcement of **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that **Miller** retroactively applies to cases on state collateral review, he asserts he has met the exception, and is entitled to PCRA relief. We disagree.

Despite Anderson's desired interpretation, both **Miller** and **Montgomery** are specifically limited to juvenile offenders. **See Miller**, 567 U.S. at 465; **Montgomery**, 136 S.Ct. at 736. Our Court has held that because the decision in **Miller** is limited to juvenile offenders, a petitioner who was not a juvenile at the time of his crime cannot invoke the case to meet an exception

to the PCRA time-bar. ***See***, ***e.g.***, ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016); ***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013). As Anderson was not a juvenile at the time of his crime, ***Miller*** is simply inapplicable to him.

Anderson has not met his burden of proving that his patently untimely petition falls within one of the three limited exceptions to the PCRA's jurisdiction time-bar. We affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/16/18</u>